# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM YOUNG, | Case No. 1:17-cv-00828-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS AND DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| S. SHERMAN, | |
| Respondent. | (ECF No. 15) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner pleaded guilty to second-degree murder with use of a firearm in the Contra Costa County Superior Court. He was sentenced to an imprisonment term of eighteen years to life in 1993. (ECF No. 1 at 1–2).[1] On August 26, 2014, the Board of Parole Hearings ("Board") determined Petitioner unsuitable for parole and issued a three-year parole denial. (ECF No. 18 at 3). The Board also set Petitioner's adjusted base term at nineteen years. (ECF No. 1 at 6). At a subsequent hearing on February 23, 2016, Petitioner was determined unsuitable for parole and was issued a five-year parole denial. (ECF No. 1-1 at 4).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On October 20, 2016, Petitioner filed a state habeas petition challenging the denial of parole in the Contra Costa County Superior Court, which denied the petition in a reasoned decision filed on November 23, 2016. (ECF No. 1 at 11–16). On January 26, 2017, the California Court of Appeal, First Appellate District denied Petitioner's state habeas petition, finding that "Petitioner fails to establish that the time he served in prison is so disproportionate to his commitment offense as to violate either the federal or state constitutions." (ECF No. 1 at 10). On May 17, 2017, the California Supreme Court summarily denied Petitioner's state habeas petition. (Id. at 9).

On June 14, 2017, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On June 20, 2017, the Northern District ordered the petition to be transferred to this Court. (ECF No. 5). In the petition, Petitioner asserts that his "prison term is grossly disproportionate, violating the Eighth Amendment of the United States Constitution and Art. I, § 17 of the California Constitution." (ECF No. 1 at 6–7). On August 21, 2017, Respondent filed a motion to dismiss. (ECF No. 15). Petitioner has filed an opposition, and Respondent has filed a reply. (ECF Nos. 18, 19).

## II.

## DISCUSSION

### A. Standard of Review

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner is incarcerated at the Substance Abuse Treatment Facility and State Prison in Corcoran, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable

3

application of, [the] clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 412–13; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" <u>Williams</u>, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." <u>Id.</u> If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. <u>Frantz v. Hazey</u>, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." <u>Richter</u>, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the correctness of the state court's decision, the decision cannot be considered unreasonable. <u>Id.</u> If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).

The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Stanley v. Cullen</u>, 633 F.3d 852, 859 (9th Cir. 2011); <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially

4

incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

**B. Eighth Amendment Claim**

Petitioner asserts that his prison term is grossly disproportionate and violates the Eighth Amendment in light of the Board's denial of parole, which has resulted in him serving twenty-four years when his adjusted base term is nineteen years. (ECF No. 1 at 6–7). In the motion to dismiss, Respondent argues that Petitioner's Eighth Amendment claim is without merit and untimely. (ECF No. 15 at 2).

Petitioner's state habeas petitions are not part of the record before this Court. However, based on the orders denying habeas relief, it appears that Petitioner raised his Eighth Amendment

5

1  claim in the Contra Costa Superior Court and the California Court of Appeal, First Appellate
2  District. (ECF No. 1 at 10–16). The California Supreme Court summarily denied Petitioner's
3  state habeas petition, but it is unclear if Petitioner raised his Eighth Amendment claim therein,
4  thus implicating exhaustion concerns.[2] However, pursuant to 28 U.S.C. § 2254(b)(2), the Court
5  may deny an unexhausted claim on the merits "when it is perfectly clear that the [petitioner] does
6  not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)
7  (adopting the standard set forth in Granberry v. Greer, 481 U.S. 129, 135 (1987)).

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."[3] Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). The Eighth Amendment "does not require strict proportionality between crime and sentence but rather forbids only extreme sentences that are grossly disproportionate to the crime." Graham v. Florida, 560 U.S. 48, 60 (2010) (internal quotation marks omitted) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). See also Lockyer v. Andrade, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."); Hutto v. Davis, 454 U.S. 370, 374 (1982) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment, and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare.").

Here, Petitioner pleaded guilty to second-degree murder with use of a firearm and was sentenced to a term of eighteen years to life imprisonment with the possibility of parole. (ECF No. 1 at 1–2). The Supreme Court has upheld harsher sentences for less serious offenses. See,

---

[2] A petitioner in state custody who is proceeding with a petition for writ of habeas corpus generally must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

[3] The Court notes that California law creates a state liberty interest in parole that is protected by the Due Process Clause, see Swarthout v. Cooke, 562 U.S. 216, 219–20 (2011) (per curiam), but Petitioner does not raise a due process claim.

e.g., Ewing v. California, 538 U.S. 11, 30–31 (2003) (twenty-five years to life for recidivist convicted of theft in excess of $400); Andrade, 538 U.S. at 70, 77 (two consecutive terms of twenty-five years to life for recidivist convicted of $150 theft of videotapes); Harmelin, 501 U.S. at 961, 996 (life without possibility of parole for first-time offender convicted of possession of 672 grams of cocaine). A fortiori, a sentence of life with the possibility of parole for murder does not constitute cruel and unusual punishment. As it is "perfectly clear" that Petitioner does not raise a colorable Eighth Amendment claim, the Court may deny this claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).[4]

### C. Alleged Violation of California Constitution

In the petition, Petitioner also asserts that his "prison term is grossly disproportionate, violating . . . Art. I, § 17 of the California Constitution." (ECF No. 1 at 6–7). Whether Petitioner's prison term is unlawful under the California Constitution is an issue of state law, and errors of state law do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations omitted). Accordingly, Petitioner's state law claim is not cognizable in federal habeas corpus, and it should be dismissed.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 15) be GRANTED; and
2. The petition for writ of habeas corpus be DENIED with respect to the Eighth Amendment claim and DISMISSED with respect to the state law claim.

---

[4] In light of the determination that Petitioner's Eighth Amendment claim should be denied on the merits, the undersigned will not rule on the issue of timeliness.

7

1   This Findings and Recommendation is submitted to the assigned United States District
2   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
3   Rules of Practice for the United States District Court, Eastern District of California. Within
4   **THIRTY (30) days** after service of the Findings and Recommendation, any party may file
5   written objections with the court and serve a copy on all parties. Such a document should be
6   captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
7   objections shall be served and filed within fourteen (14) days after service of the objections. The
8   assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
9   636(b)(1)(C). The parties are advised that failure to file objections within the specified time may
10  waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839
11  (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 23, 2017**

UNITED STATES MAGISTRATE JUDGE